# UNITED STATES DISTRICT COURT
# SOUTHERN DISTRICT OF INDIANA

| | | |
|---|---|---|
| **EMETERIO CORTEZ,** | ) | |
| | ) | |
| **Petitioner,** | ) | |
| **v.** | ) | **No. 1:10-cv-1292-JMS-TAB** |
| | ) | |
| **ALLAN FINNAN,** | ) | |
| | ) | |
| **Respondent.** | ) | |

## Entry Discussing Petition for Writ of Habeas
## Corpus and Denying Certificate of Appealability

For the reasons explained in this Entry, the petition of Emeterio Cortez for a writ of habeas corpus must be denied and the action dismissed with prejudice. In addition, the court finds that a certificate of appealability should not issue.

## The Petition for Writ of Habeas Corpus

### I. Applicable Law

The Antiterrorism and Effective Death Penalty Act of 1996 ("AEDPA"), Pub.L. No. 104–132, 110 Stat. 1214, became effective on April 24, 1996, and governs the habeas petition in this case because Cortez filed his petition after the AEDPA's effective date. *See Lindh v. Murphy,* 521 U.S. 320, 336 (1997).

Under the AEDPA, a federal court may not grant habeas relief unless the state court's adjudication of the claim resulted in a decision that (1) was "contrary to, or involved an unreasonable application of, clearly established Federal law, as determined by the Supreme Court of the United States" or (2) was "based on an unreasonable determination of the facts in light of the evidence presented in the State court proceeding." 28 U.S.C. § 2254(d)(1)-(2).

Based on the above standard, federal habeas relief is barred for any claim adjudicated on the merits in state court, "unless one of the exceptions listed in 28 U.S.C. § 2254(d) obtains." *Premo v. Moore,* 131 S. Ct. 733, 739 (2011). Under the "contrary to" clause, a federal court may issue a writ of habeas corpus if the state court applied a rule that "contradicts the governing law" set forth by the Supreme

Court or if the state court reached a different outcome based on facts "materially indistinguishable" from those previously before the Supreme Court. *Williams v. Taylor,* 529 U.S. 362, 405-06 (2000); *see also Calloway v. Montgomery,* 512 F.3d 940, 943 (7th Cir. 2008). Under the "unreasonable application" clause, a petitioner must show that the state court's decision unreasonably extended a rule to a context where it should not have applied or unreasonably refused to extend a rule to a context where it should have applied. *Virsnieks v. Smith,* 521 F.3d 707, 713 (7th Cir. 2008) (citing *Jackson v. Miller,* 260 F.3d 769, 774 (7th Cir. 2001)); *see also Wright v. Van Patten,* 128 S. Ct. 743, 746–47 (2008) (emphasizing that a state court's application of clearly established law is acceptable, even if it is likely incorrect, so long as it is reasonable).

A petitioner's challenge to a state court decision based on a factual determination under § 2254(d)(2) will not succeed unless the state court committed an "unreasonable error," and § 2254(e)(1) provides the mechanism for proving unreasonableness. *See Ward v. Sternes,* 334 F.3d 696, 703–04 (7th Cir. 2003). "A state court decision that rests upon a determination of fact that lies against the clear weight of the evidence is, by definition, a decision 'so inadequately supported by the record' as to be arbitrary and therefore objectively unreasonable." *Id.,* at 704(quoting *Hall v. Washington,* 106 F.3d 742, 749 (7th Cir. 1997)).

"A state court's determination that a claim lacks merit precludes federal habeas relief so long as 'fairminded jurists could disagree' on the correctness of the state court's decision." *Harrington v. Richter*, 131 S. Ct. 770, 786 (2011) (quoting *Yarborough v. Alvarado*, 541 U.S. 652, 664 (2004)). "If this standard is difficult to meet, that is because it was meant to be." *Id.*

## II. Background

Cortez was convicted of murder in an Indiana state court and was sentenced on May 27, 2003, to an aggregate term of 55 years.

The murder occurred on June 28, 2002. Cortez was arrested the following day. Once arrested, Cortez was taken to the Jail, where he was interviewed by Indianapolis Police Detective Michael Turner. Shortly thereafter, Detective Turner called for the assistance of Officer Alfred Gomez to act as a translator.

Cortez was read his rights pursuant to *Miranda v. Arizona,* 384 U.S. 436 (1966). This was done in Spanish by Officer Gomez. Cortez acknowledged receiving these rights and understanding them, then initialed a waiver of each. He confessed. He was convicted. His conviction was affirmed on appeal. His subsequent petition for post-conviction relief was granted, his motion to suppress the confession was denied, and he was again convicted as charged, this time following a bench trial. This decision was affirmed on direct appeal in *Cortez v. State*, 2009 WL 4639487, 918 N.E.2d 25 (Ind.Ct.App. Jan. 28, 2009)(unpublished).

Cortez now seeks habeas corpus relief pursuant to 28 U.S.C. § 2254(a) based on his claim that he was not properly given his rights pursuant to *Miranda.*

### III. Discussion

Before a criminal suspect in custody may be interrogated, he must be warned, among other things, that he has a right to remain silent and that anything he says can be used against him in court. *Miranda v. Arizona,* 384 U.S. 436, 478–79 (1966). No evidence obtained from questioning may be used against him unless the prosecution shows that he received a warning and waived his rights. *See id.,* at 479. The suspect's waiver must be voluntary, knowing, and intelligent—that is, it must be the product of a free and deliberate choice, rather than intimidation, coercion, or deception, and it must be made with a full awareness of the nature of the rights that he is abandoning and the consequences of his decision to abandon them. *See Berghuis v. Thompkins,* 130 S. Ct. 2250, 2260 (2010); *Moran v. Burbine,* 475 U.S. 412, 421 (1986); *Miranda,* 384 U.S. at 444. A court may conclude that a waiver was legitimate only when the totality of the circumstances surrounding the interrogation demonstrate both "an uncoerced choice and the requisite level of comprehension." *Burbine,* 475 U.S. at 421.

The Indiana Court of Appeals examined in detail the circumstances under which Cortez was provided with the *Miranda* warnings and concluded from these circumstances that the content of the information supplied to Cortez complied with the requirements of *Miranda,* that Cortez understood his rights under *Miranda,* and that "Cortez's waiver of rights was knowing and voluntary."

The state court's factual finding that Cortez understood what was being said and asked of him and the character of what he said and did in response is presumed to be correct unless Cortez demonstrates otherwise by clear and convincing evidence. *See Adams v. Haeberlin,* 404 F. App'x 11, 14 (6th Cir. 2010) (citing 28 U.S.C. 2254(e)(1)); *Williams v. Jones,* 117 F. App'x 406, 412 (6th Cir. 2004) (unpublished)("Whether a defendant understood his *Miranda* rights is a question of fact underlying the question of whether his waiver of those rights was knowing and intelligent."). Cortez has not attempted to make such a showing, nor does the court discern any possible basis on which he could do so.

The state court's determination that Cortez knowingly, intelligently, and voluntarily waived his *Miranda* rights prior to making his stationhouse statements was neither an unreasonable application of Supreme Court law nor an unreasonable determination of the facts in light of the evidence presented in the state court proceeding. *See* 28 U.S.C. § 2254(d).

## IV. Conclusion

A federal habeas court's role in reviewing state prisoner applications was modified by the AEDPA "in order to prevent federal habeas 'retrials' and to ensure that state-court convictions are given effect to the extent possible under law." *Bell v. Cone,* 535 U.S. 685, 693 (2002). The requirements of the AEDPA "create an independent, high standard to be met before a federal court may issue a writ of habeas corpus to set aside state-court rulings.' *Uttecht v. Brown,* 127 S. Ct. 2218, 2224 (2007) (citations omitted). As the Supreme Court recently explained, the AEDPA's requirements reflect "the view that habeas corpus is a 'guard against extreme malfunctions in the state criminal justice systems,' not a substitute for ordinary error correction through appeal." *Harrington v. Richter,* 131 S. Ct. 770, 786 (2011) (quoting *Jackson v. Virginia,* 443 U.S. 307, 332 n. 5 (1979)).

Having applied the appropriate standard of review, and having considered the pleadings and the expanded record, Cortez's petition for writ of habeas corpus must be denied. Judgment consistent with this Entry shall now issue.

## Certificate of Appealability

Pursuant to Federal Rule of Appellate Procedure 22(b), Rule 11(a) of the *Rules Governing § 2254* proceedings, and 28 U.S.C. § 2253(c), the court finds that Cortez has failed to show that reasonable jurists would find "it debatable whether the petition states a valid claim of the denial of a constitutional right." *Slack v. McDaniel,* 529 U.S. 473, 484 (2000). The court therefore denies a certificate of appealability.

**IT IS SO ORDERED.**

Date: _12/20/2011_____

Hon. Jane Magnus-Stinson, Judge
United States District Court
Southern District of Indiana